Hat, Judge,
delivered the opinion of the court:
This is a suit brought by the plaintiff against the United States to recover the sum of $80,916.38, the amount expended by the plaintiff for the protection of its property. The plaintiff is the owner of a line of railroad which runs along the shore at the entrance to Tillamook Bay, in the State of Oregon, between the towns of Bar View and Garibaldi.
By the river and harbor acts of July 25, 1912, and March 4, 1913, appropriations were made for the construction of a jetty 5,700 feet long on the north side of the entrance to Tillamook Bay and Bar. The jetty was to be built by the War Department of the United States. Construction of the jetty was begun in the fall of 1914 and was completed in 1917 and extended from a point near Bar View on the eastern shore of Tillamook Bay almost due west by a few degrees north.
Before the jetty was constructed there was a strip of land about 500 feet wide between the property of the plaintiff and high-water mark. On this land there was a county road, a grove of trees, and some residences, and between the county *431 road and the tracks of the plaintiff there were a hotel and summer cottages.
Before the fall of 1914 the ocean did not seriously injure the land above described, although at times before the fall of 1914 the waves did wash over the railroad tracks of the plaintiff. The washing away of the land began to be noticed in October, 1915, and during a heavy storm in November, 1915, the land aforesaid was completely washed away, the trees, the county road, the hotel, and houses were all destroyed: and the right of way of the plaintiff was at the same time partially destroyed, and its tracks were washed away for a distance of about 1,200 feet.
The plaintiff constructed a bulkhead to protect its property at the cost of $55,916.38 and in order to reinforce it will be obliged to expend $25,000 additional.
The plaintiff claims that the construction of the jetty by the Government caused a change in the natural flow of the ocean currents and waters of Tillamook Bay, and deflected them toward the shore at Bar View, and caused the washing away of the plaintiff’s property, and made it necessary for it to expend the money for which it is suing.
The plaintiff claims under the fifth amendment to the Constitution and alleges that its property was damaged, and that as a consequence of the action of the Government in constructing the jetty it was obliged to expend the sum of money above mentioned for the protection of its property and to prevent thereby further damage to its right of way and tracks. The plaintiff alleges further that its property was appropriated by the Government when the jetty was constructed, and that it is entitled to just compensation for damages to its right o'f way, estimated on the basis of what it has and will cost the plaintiff to repair such damage.
No attempt has been made by the plaintiff in this case to show what the value of its right of way was, which it claims was appropriated; all it has proved is that its right of way and tracks were damaged, and that in order to prevent further damage it has expended a certain sum of money for that purpose. It is not suing here for the value of property destroyed but for work done to protect property not yet developed. We do not think that such an expendi- *432 toe can be held to be a basis upon which to fix just compensation for property appropriated by the Government.
Moreover it does not appear that there has been a taking of property in this case for which just compensation can be awarded. It is true that the loss of property did not occur until the jetty had been built by the Government; that the building of the jetty caused the loss is matter of opinion; but assuming that there was some connection between the work of the Government and the flow of the ocean currents and the consequent loss or damage of the plaintiff’s property, it does not follow that the Government is under obligation to pay therefor as for the taking of the property. Horstmann Co. v. United States, 257 U. S. 138, 145. If the plaintiff can recover in this court for a taking'under the fifth amendment to the Constitution it must be upon an implied contract. “ Wien in the exercise of its governmental rights the Geovernment takes property, the ownership of which it concedes to be in an individual, it impliedly promises to pay therefor.” But in this case the facts found preclude the implication of a promise to pay. The property was admittedly not taken for public use; there was-no intention to take it; the damage done, if any, was consequential; what was done was done in the exercise of a right, and the consequences are incidental, and no liability is incurred.
The latest expression by the Supreme Court on the question of a taking for which just- compensation must be made is in the- case of Horstmann Co. v. United States, supra. In that- case it was claimed that by the construction of certain irrigation works by the United States the body of ground water in the section covered b’y the project rose and caused the rise of the waters in the lakes, which prior thereto were used to extract soda from. The Supreme Court said, assuming there was casual connection between the work of the Government and the rise of waters in the lakes, and the consequent destruction of the property of the plaintiff, it did not follow that the Government was under obligation to pay therefor as for the taking of the property. The case criticises the generality of expression found in the lynah Gase, 188 U. S. 445, and says: “ It is to be remem *433 bered that to bind the Government there must be implication of a. promise to pay, but the circumstances may rebut that implication. In other words, what is done may . be in the exercise of a right and the consequences only incidental, incurring no liability.”
The petition of the plaintiff must be dismissed. It is so ordered.
Graham, Judge; Downey, Judge; Booth, Judge; and Campbell, Ohief Justice, concur.